IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **CRIMINAL NO. 07-0047-WS** |
| ) | |
| **SHANNON PHALO,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

On June 8, 2007, defendant Shannon Phalo, by and through appointed counsel, filed a Motion to Continue (doc. 158). As grounds for the Motion, Phalo's counsel states that he learned this afternoon that Phalo's family has retained another attorney to represent Phalo in these proceedings and that such attorney is willing to take on the representation only if the Court grants a continuance of the trial, which is presently set to commence on June 12, 2007.

In assessing motions to continue a criminal trial, the Eleventh Circuit considers such factors as "the quantum of time available for preparation, the likelihood of prejudice from denial, the accused's role in shortening the effective preparation time, the degree of complexity of the case, and the availability of discovery from the prosecution." *United States v. Edouard*, --- F.3d ----, 2007 WL 1377636, *20 (11th Cir. May 11, 2007) (citation omitted); *Birt v. Montgomery*, 725 F.2d 587, 593 (11th Cir. 1984) ("[W]hen a defendant asks for a continuance on the eve of his trial in order to allow time for recently retained counsel to prepare, the court must balance that request against many other factors."). In this case, the Motion has been filed on the eve of trial, with no explanation as to why Phalo waited so long before retaining other counsel. Moreover, this is a multi-defendant case, with all defendants being tried together. Continuing the trial of Phalo would also necessitate continuing the trial as to his two co-defendants, thereby frustrating their efforts to go to trial in a timely manner and inconveniencing the Government and co-defendants alike. While a criminal defendant has a right to counsel of his choice, that right is not absolute, but at some point must bend before countervailing interests involving effective administration of the courts. *See Birt*, 725 F.2d at 593. To grant a continuance at this late hour

because of Phalo's last-minute desire to switch lawyers would be to undermine the public's interest in efficient and effective administration of criminal justice based on circumstances that are entirely attributable to the defendant's delay.  On this showing, the Court will not do so.

Phalo's Motion to Continue (doc. 158) is **denied** at this time.

DONE and ORDERED this 8th day of June, 2007.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE